NOT FOR PUBLICATION [13]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VICTORIA PERRY, : | | |
| Plaintiff, : | Civil Action No. 04-6102 (FLW) | |
| : | | |
| v. : | | |
| : | | |
| THE HON. DANIEL BERNARDIN, : | OPINION | |
| Defendant. : | | |

**APPEARANCES:**

For Plaintiff:

VICTORIA PERRY, PLAINTIFF PRO SE
ATRIUM EXECUTIVE SUITES
3000 ATRIUM WAY, #2204
MT. LAUREL, NJ 08054

For Defendant:
LISA M. KMIEC
CHERRY HILL TOWNSHIP SOLICITOR
820 MERCER STREET
CHERRY HILL, NJ 08002

**WOLFSON, United States District Judge**

This matter comes before the Court on the motion to dismiss filed by Defendant Honorable Daniel Bernardin ("Judge Bernardin"), a Municipal Court Judge in Cherry Hill, New Jersey. Judge Bernardin is seeking to dismiss the complaint filed against him by Plaintiff pro se Victoria Perry ("Plaintiff" or "Ms. Perry"). The issue before Court is whether Plaintiff's claims against Judge Bernardin can survive a motion to dismiss. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons stated below, Judge Bernardin's motion to dismiss is granted.

1

**I. BACKGROUND**

In 1996 or 1997, Evan Laine, Esq. represented Ms. Perry's mother, Ollie, in a personal injury suit. In 1998, Ms. Perry moved into the house across the street from Evan Laine and his family, on Saxby Terrace in Cherry Hill. In December 1998, Evan Laine and his law firm, Gold & Laine, P.C., agreed to represent Ms. Perry's mother once again. In 1999, Ms. Perry sent her neighbors, the Laines, various unsolicited items, including a disturbing letter discussing Plaintiff's religious beliefs, volunteering that Plaintiff was a virgin, and describing several sexual acts in great detail. In September 1999, the Honorable Francis J. Orlando, A.J.S.C. issued an order granting leave for Defendant Evan Laine and his law firm, Gold & Laine, P.C. to be relieved as counsel to Ms. Perry's mother. In March 2000, Plaintiff twice attempted to file criminal charges against Defendants Evan Laine and Jeffrey Gold, a partner at Mr. Laine's law firm, for perjury, harassment, conspiracy and other charges. The Honorable Jeffrey Karl, J.M.C. and the Honorable John McFeeley, J.M.C. found that there was no probable cause on either occasion. In July 2000, Ms. Perry filed a statement with the Cherry Hill Police Department accusing Judge Karl of conspiring and discriminating against her. She even attempted to file ethical charges against Judge Karl before the Advisory Committee of Judicial Conduct. All charges against Judge Karl were declined and/or found meritless.

In March 2001, Plaintiff filed an ethics complaint against Defendant Evan Laine, Esq. Defendant Carl D. Poplar, Esq., representing Mr. Laine, filed a motion to dismiss the complaint in its entirety, which was granted. In April 2001, Plaintiff filed an ethics grievance against Defendant Poplar, which was also dismissed. In July 2001, Plaintiff sent letters to the New Jersey Division of Youth & Family Services and Cherry Hill Police Department alleging that the

2

Laines had neglected their teenage children by leaving them home alone.

In October 2001, Plaintiff filed a complaint in the United States District Court for the District of New Jersey against Evan Laine, Jeffrey Gold, Gold & Laine, P.C., Michele Laine (Evan Laine's wife), Christy Cicalese (an employee of Gold & Laine, P.C.), Carl Poplar, and Poplar & Eastlack, the predecessor firm to Carl D. Poplar, P.C. Ms. Perry later sought to add Defendant Brandon Laine, son of Evan and Michele Laine, as a defendant. The Honorable Stephen M. Orlofsky dismissed the entire case, with prejudice, on March 27, 2002. Plaintiff sought reconsideration of the dismissal and a recusal of Judge Orlofsky, both of which Judge Orlofsky dismissed. Ms. Perry appealed the case to the United States Court of Appeals for the Third Circuit, and the Third Circuit affirmed Judge Orlofsky on April 24, 2003.

In 2002 and 2003, Plaintiff filed complaints against the Laines with the New Jersey Superior Court, Camden County, Case No. CAM-L005235-02, and with the New Jersey Superior Court, Mercer County, Case No. MER-L-803-03. The Honorable John A. Fratto, J.S.C. dismissed the Camden County complaint and the Honorable Linda Feinberg, A.J.S.C. dismissed the Mercer County complaint. Ms. Perry appealed Judge Fratto's decision and also filed another complaint in the Superior Court, Camden County in February 2004. However, the defendants were never served with this complaint. Plaintiff also instituted charges against Evan and Michele Laine in Cherry Hill Municipal Court in February 2004.

On August 4, 2004, Judge Fratto ordered that Ms. Perry "shall be restrained and prohibited from filing and/or instituting lawsuits, Complaints or other legal proceedings which are under and/or subject to the jurisdiction of the Superior Court of New Jersey, whether they be

Civil, Criminal, Quasi Criminal and/or Administrative, against ... Gold & Laine, P.C.; Jeffrey E. Gold, Esquire, Evan E. Laine, Esquire; Carl D. Poplar, P.C.; Carl D. Poplar, Esquire, Christy Cicalese; Michele [sic] Laine, Brandon Laine; and Jessica Laine" without prior approval of a Judge of the Superior Court.  Gold & Laine v. Perry, Docket No. L-1402-04, Order For Restraints (Aug. 4, 2004).  The only exception to Judge Fratto's Order is that Ms. Perry "is permitted to file or institute lawsuits, Complaints, legal proceedings, without prior approval, through an attorney licensed to practice law in the State of New Jersey who has duly filed an appearance on her behalf in each proceeding and said attorney will sign each pleading and/or document regarding the Complaints, lawsuits and other legal proceedings." Id.

On September 10, 2004, Judge Bernardin, a Municipal Court Judge in Cherry Hill, wrote Ms. Perry a letter indicating that he will "not be making a probable cause determination with regard to [her] pending complaints" because Judge Fratto's August 4, 2004 Order precludes him from doing so.  He also informed Ms. Perry that "[p]ursuant to the Order [she] can make application to Judge Fratto" and that "[he] will await direction from the Superior Court."  Letter from Honorable Daniel Bernardin to Victoria L. Perry of Sept. 10, 2004.

On September 29, 2004, Judge Fratto issued an Amended Order with the same terms as the August 4, 2004 Order but which also designated the Honorable John McFeeley, III, P.J.M.C. as the judge to review any Municipal Court complaint filed by Ms. Perry against any of the aforementioned defendants.  Gold & Laine v. Perry, Docket No. L-1402-04, Amended Order (Sept. 29, 2004).

Plaintiff filed another complaint against Gold & Laine, P.C., Carl D. Poplar, P.A., Jeffrey

4

E. Gold, Esq., Evan E. Laine, Esq., Carl D. Poplar, Esq., Christy A. Cicalese, Michele Laine, Brandon Laine and Jessica Laine (Collectively, "Laine defendants") in the United States District Court for the District of New Jersey on November 24, 2004. The complaint, docketed as Case No. 04-CV-5842, was dismissed by the Honorable Robert B. Kugler, U.S.D.J. on December 10, 2004 pursuant to Fed. R. Civ. P. 8(a)

On December 10, 2004, Plaintiff filed a complaint against Judges Fratto and McFeeley, docketed as Civil Action No. 04-CV-6102. On December 23, 2004, Ms. Perry filed an amended twelve-count complaint asserting claims against Judges Fratto and McFeeley, and adding Judges Orlando and Bernardin as Defendants.

On December 21, 2004, Plaintiff filed another complaint against the Laine defendants and one day later, on December 22, 2004, filed a nine-count complaint against them, which was denominated as an amended complaint. Both were assigned a new docket number: Case No. 04-CV-6255.

On December 31, 2004, Plaintiff wrote me a letter asking me to handle both this case, which was then pending before the Honorable Robert B. Kugler, in addition to her Civil Action No. 04-6255[1], which was already pending before me, on the basis that I could be fair because I

---

[1] By way of an Opinion dated May 25, 2005, this Court dismissed all of her claims against the Laine defendants in Case No. 04-CV-6255. Plaintiff's conclusory and unsupported allegations that defendants conspired to fix cases, along with the Laines' conduct, namely, parking their vehicles on same side of the street where their home is located and across from Plaintiff's driveway, formed the basis for Plaintiff's entire complaint. The Court found that Plaintiff's claims were "without any legal basis or justification," were "baseless and scandalous," and that "[n]one of them state[d] a claim." Perry v. Gold & Laine, P.C., 371 F.Supp.2d 622, 625-29 (D.N.J. 2005). The Court also enjoined her from filing pro se complaints in this District without first obtaining leave of court, id. at 629-32. On June 3, 2005, Plaintiff filed a motion for reconsideration of the Court's Opinion and Order of May 25, 2005 in case number 04-CV-6255.

5

had "no prior connection to this file."  Letter from Victoria L. Perry to the Honorable Freda L. Wolfson of Dec. 31, 2004 (emphasis in original).  On January 6, 2005, this case was reassigned from Judge Kugler to this Court for reasons unrelated to Ms. Perry's request.

On January 14, 2005, Deputy Attorney General Joanne Stipick wrote Plaintiff a letter stating that it was the Attorney General's Office's "understanding that [Ms. Perry had] not yet effected proper service upon" Judges Fratto, McFeely and Orlando, and advised Plaintiff as to the proper person who is "authorized to and will accept service on behalf of" Judges Fratto, McFeely and Orlando, and that the person had agreed to waive formal summons.  Letter from Deputy Attorney General Joanne Stipick to Victoria L. Perry of Jan. 14, 2005.

On May 17, 2005, the Court entered a Notice of Call for Dismissal Pursuant to Fed. R. Civ. P. 4(m), indicating that on June 17, 2005, it would dismiss Plaintiffs's claims against Defendants Hon. John A. Fratto, Hon. John McFeely and Hon. Francis J. Orlando "for failure to effect service on the summons and complaint within 120 days of complaint unless [she] establish[es] that service was effected within said 120 days or unless on that date good cause is shown for failure to do so" and indicating that Plaintiff should file any responsive pleading the notice on or before June 10, 2005.  Perry v. Hon. John A. Fratto, Et Al., Case No: 04-CV-6102 (FLW), Order  (D.N.J. May 17, 2005).  Plaintiff never filed any response or opposition in connection with the Notice.[2]

---

The Court denied the motion by Order dated July 1, 2005.  Defendants filed a motion for monetary sanctions pursuant to Fed. R. Civ. P. 11 on June 3, 2005.  Oral argument on Defendant's Rule 11 motion took place on July 14, 2005.

[2]Indeed, while Plaintiff has sent the Court hundreds of pages worth of allegations and arguments, she has yet to file timely opposition to any of the motions filed in this case and in

6

On June 15, 2005, Deputy Attorney General Stipick sent a letter to the Court indicating that Ms. Perry never attempted to effect service as outlined in the State's letter of January 14, 2005, and that Ms. Perry's original attempt to serve Judges Fratto, McFeeley and Orlando did not comply with Fed. R. Civ. P. 4(e)(1) and N.J. Ct. R. 4:4-3 because the documents were not personally delivered to any of the judiciary defendants. On June 20, 2005, this Court dismissed Plaintiff's claims in this case as to Defendants Hon. John A. Fratto, Hon. John McFeely and Hon. Francis J. Orlando because Plaintiff failed to effect service of the summons and complaint upon those defendants within 120 days of the filing of her complaint and because good cause had not been shown as to why service had not been effected. Perry v. Hon. John A. Fratto, Et Al., Case No: 04-CV-6102 (FLW), Order (D.N.J. June 20, 2005). Only her claims against Judge Bernardin remained.

On July 14, 2005, Judge Bernardin filed the instant motion to dismiss Plaintiff's claims against him. While Ms. Perry never filed any opposition to the motion, on July 25, 2005, Ms. Perry sent to the Court a copy of her "Resolution/Settlement Proposal to Cherry Hill Township," which she labeled "Docket #04-6255," but in actuality pertains to this case against the judges. In her proposal, Ms. Perry is seeking, among other things, an ordinance "prohibit[ing] parking opposite residential driveways," "Termination of Judge Bernardin," "Diversity Training for all Cherry Hill Township Municipal Court Judges," and "DAMAGES." Facsimile from Victoria L. Perry to the Honorable Freda L. Wolfson of July 25, 2005.

Although Plaintiff never filed a formal motion, she sent a fax to this Court requesting that

---

case number 04-6255.

I recuse myself from this case and case 04-CV-6255. See Facsimile from Victoria L. Perry to the Honorable Freda L. Wolfson of July 27, 2005 (dated July 26, 2005). By way of opinion dated August 18, 2005, which is hereby incorporated by reference, I denied her request for my recusal.

## II. DISCUSSION

### A. Motion to Dismiss Standard

In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts as true all allegations in the Plaintiff's Complaint and all reasonable inferences that can be drawn therefrom after construing them in the light most favorable to the non-movant. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir.1994). A pleading may be dismissed for "failure to state a claim where it appears beyond doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations." Hedenburg v. Bando American, Inc., 1992 WL 443432, at *4 (D.N.J. Mar.3, 1992) (citing Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). Courts are required when conducting the 12(b)(6) inquiry to accept all well-pleaded allegations in the complaint as true and to draw all reasonable inferences in favor of the non-moving party. In re Rockefeller Ctr. Prop., Inc. Sec. Litig., 311 F.3d 198, 215 (3d Cir.2002). Nevertheless, legal conclusions offered in the guise of factual allegations are given no presumption of truthfulness. Chugh v. Western Inventory Services, Inc.,333 F.Supp.2d 285, 289 (D.N.J. 2004)(citing Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). Therefore, in ruling on a Rule 12(b)(6) motion, courts can and should reject "legal conclusions," "unsupported conclusions," "unwarranted references," "unwarranted deductions," "footless conclusions of

law," and "sweeping legal conclusions in the form of actual allegations." Morse v. Lower Merion School Dist., 132 F.3d 902, 907, n.8 (3d Cir.1997). Civil rights plaintiffs are not subject to a heightened pleading requirement, but rather must only contain a "short and plain statement" of the claim pursuant to Fed. R. Civ. P. 8(a). Alston v. Parker, 363 F.3d 229, 233-34 (3d Cir. 2004).

On a motion to dismiss, the Court generally does not consider documents extraneous to the pleadings, but the Court may consider a "document integral or explicitly relied upon in the complaint ... without converting the motion to dismiss into one for summary judgment." In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). Here, because Plaintiff refers in her complaint to the numerous opinions and orders issued by various courts in connection with these matters, this Court may consider those opinions and orders without converting this Rule 12(b)(6) motion into a motion for summary judgment. See id.

### B.  Claims Against Judge Bernardin

Plaintiff's allegations against the judges in this case are based upon her misguided view that if a judge issues a ruling that is adverse to her, that judge must be acting in a conspirational and illegal manner. Notwithstanding her litigiousness, Plaintiff simply has a distrust for the judicial system, as evidenced by the fact that she has sued Judges Fratto, McFeeley, Bernardin and Orlando, and the fact that she has sought the recusal of the three different District Court judges assigned to preside over her cases, Judges Orlofsky, Kugler and this Court. Nonetheless, the Court has once again attempted to categorize her allegations into discrete causes of action.

Judge Bernardin's name appears only in three of the twelve counts contained within

9

Plaintiff's complaint. Those counts are counts nine, ten and eleven. In Count Nine, Plaintiff alleges: "The evidence shows that Judge McFeely [sic] and Judge Fratto conspired with Judge Francis J. Orlando, Jr. and Judge Daniel Bernardin to violate my constitutional rights to due process and equal protection under the law (Title 42 Sec. 1985), as well as violate my rights as defined in Title 42 Section 1983." Am. Compl. ¶ 57. In Count Ten, Plaintiff alleges that Judges Fratto, Orlando and McFeeley violated 42 U.S.C. § 1986. Id. ¶¶ 63-65. Although she mentions Judge Bernardin in Count Ten, she does not explicitly assert a § 1986 claim against him.

In Count Eleven, Plaintiff alleges that the four judges abused judicial authority, maliciously used process, and "knowingly conspired to violate [her] civil rights guaranteed by the federal and State constitutions. Together these judges injured [her] by engaging in judicial machinations to knowingly violate the basic 1st and 14th amendment rights of a person most vulnerable to the legal system - a single, Black American female by the name of Victoria Perry." Id. ¶ 67. She further alleges that: "In all ways, these Camden County Judges - by acting outside their jurisdiction - denied [her] security against a White married officer of the Court, did not view [her] to have equal protection of law as a single woman, and trivialized a Black woman's harassment claims against a White man as 'frivolous' and as a 'vexatious litigant' whose constitutional rights to due process were wantonly and outrageously violated state actors who are required and appointed to protect [her]." Id. ¶ 68.

It is clear that Ms. Perry is asserting a § 1983 claim against Judge Bernardin. To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988);

Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir.1989).  However, it is a well-established principle that judges are absolutely immune from suit for damages under § 1983. Moreover, the Third Circuit has concluded as a matter of law that municipal court judges are entitled to the protection of the doctrine of judicial immunity. Figueroa v. Blackburn, 208 F.3d 435, 440-43 (3d Cir. 2000).  "[A] judge's immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial acts, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. at 443 (internal quotations omitted).

      To circumvent the doctrine of judicial immunity, Ms. Perry conclusorily alleges that the judges were "acting outside their jurisdiction."  See Am. Compl. ¶ 68.  However, she pleads no facts in support of her conclusion, and indeed her complaint consists entirely of allegations regarding the actions taken by the defendants in their judicial capacity.  Specifically, Plaintiff challenges the decision of Judge Bernardin to not make a probable cause determination with regard to Ms. Perry's pending Municipal Court complaints following Judge Fratto's ruling barring pro se filings by Plaintiff in the state and municipal courts.  Even if Judge Bernardin's dismissal was in error, it was nonetheless within his jurisdiction to order such a dismissal based upon his understanding of the Order of the Superior Court.  Furthermore, Judge Bernardin left open the possibility of a future decision, noting that Plaintiff could make application to the Superior Court and that he "will await direction from the Superior Court."  See supra at 4.  The matter was never brought before Judge Bernardin again.  Thus, any recourse was by way of appeal, not a lawsuit for damages.  Furthermore, even if Judge Bernardin acted with malice it

11

would not deprive him of jurisdiction and he remains immune from suit. Figueroa, 208 F.3d at 443 (citing Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)("A judge will not be deprived of immunity because the action he took is in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.")). Therefore, the Court finds that Judge Bernardin is immune from suit under § 1983.

While Plaintiff asserts a claim pursuant to 42 U.S.C. §1985, Plaintiff does not specify in Count Nine which subsection of 42 U.S.C. §1985 she believes Defendants to have violated. The Court is also construing Count Eleven as asserting a claim pursuant to 42 U.S.C. §1985. The second clause of 1985(2) has been interpreted as applying to those conspiracies aimed at obstructing justice in state courts, Kush v. Rutledge, 460 U.S. 719, 725 (1983), and addresses those conspiracies in which:

> [T]wo or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.
> 42 U.S.C. § 1985(2).

A federal civil conspiracy claim under § 1985(3) requires that: (1) two or more persons conspire to deprive any person of the equal protection of the law; (2) one or more of the conspirators performs or causes to be performed any overt act in furtherance of the conspiracy; and (3) that overt act injures the plaintiff in his person or property or deprives plaintiff of any right or privilege of a citizen of the United States. Barnes Fdtn. v. Township of Lower Merion,

242 F3d 151, 162 (3d Cir.1971)(citations omitted).  Therefore, in order for a § 1985(2) or § 1985(3) claim against Judge Bernardin to survive the instant motion to dismiss, Plaintiff must adequately plead a conspiracy.

In New Jersey, a civil conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage." Morgan v. Union County Bd. of Chosen Freeholders, 268 N.J.Super. 337, 364, 633 A.2d 985 (App.Div.1993), certif. denied,135 *N.J.* 468, 640 A.2d 850 (1994)(quoting Rotermund v. U.S. Steel Corp., 474 F.2d 1139, 1145 (8th Cir.1973)(internal quotations omitted)).  Plaintiff's complaint does not allege an agreement involving  Judge Bernardin.  Nor does it sufficiently allege any act or behavior that supports the conclusion that Judge Bernardin participated in a conspiracy to harm her.  Rather, her allegations are so conclusory and unsupported that, even when viewed at the motion to dismiss stage, they fail support a claim of conspiracy because they provide no grounds upon which the alleged conspiracy rests.  See In re Tower Air, Inc., No. 04-3633, 2005 WL 1813272, at * 5 (3d Cir. Aug. 3, 2005).  Therefore, Plaintiff's claims against Judge Bernardin pursuant to 42 U.S.C § 1985 are dismissed.

Furthermore, to the extent that Plaintiff attempted to plead a claim against Judge Bernardin pursuant to 42 U.S.C. § 1986, that claim must also be dismissed, because Section 1986 is expressly conditioned upon the existence of a Section 1985 conspiracy which is about to occur. Moore v. Trump Casino Hotel, No. 86-811, 1986 WL 25427, at *2 (D.N.J. Apr. 28,1986) (citing Dowsey v. Wilkins, 467 F.2d 1022, 1026 (5th Cir.1972); Armstrong v. School District, 597

F.Supp. 1309, 1314 (E.D.Pa.1984)).  The failure to establish any right to relief under 42 U.S.C. § 1985 justifies the dismissal of the dependent cause of action under 42 U.S.C. § 1986. Id. Therefore, all of Plaintiff's claims against Judge Bernardin warrant dismissal and Judge Bernardin's motion to dismiss is granted.

### III.  CONCLUSION

For the reasons stated above, Judge Bernardin's motion to dismiss is granted.  An appropriate order will follow.

Dated: August 18, 2005            _____

                                                  S/ Freda L. Wolfson
                                                  Honorable Freda L. Wolfson
                                                  United States District Judge